IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

**BARBARA A. HORNE**

    **Plaintiff,**

v.                                                                        CV 08-PT-1365-M

**NATIONWIDE PROPERTY &**
**CASUALTY INSURANCE**
**COMPANY**

    **Defendant.**

## MEMORANDUM OPINION

This cause comes on to be heard on the Motion for Summary Judgment filed by the defendant on April 9, 2009. The evidence has been fully addressed by both parties and is substantially undisputed. The court concludes that there is an issue of fact as to whether there was a binding cancellation of the policy. The last writing, dated November 29, 2007, received by the plaintiff stated that, "The cancellation notice *recently* sent to you in connection with this policy ... is hereby withdrawn."[1] The cancellation notice relied upon by the defendant is dated November 26, 2007. The withdrawal notice dated November 29, 2007 does not mention the date of or the reason for the cancellation notice said to be withdrawn.[2]

The non-payment cancellation notice dated November 13, 2007 stated, "Your payment of $100.00 must reach us by November 24, 2007 to continue your coverage." It does not state that a

---

[1] There is no indication of when this withdrawal notice was mailed.

[2] The defendant has stated that the various notices came from two different departments. That may well be, but they all came from the defendant. It is unlikely that the plaintiff should have made a distinction based on departments.

withdrawal notice has to be mailed in order to avoid cancellation for non-payment. Defendant's evidentiary submissions include receipts for $100.00 dated November 7, 2007 and December 5, 2007. It is not clear what payment was due on November 13, 2007. The notice of cancellation based on non-payment apparently says that a payment due on November 4, 2007 had not been paid. The reasonable inference is that this payment was made on November 7, 2007 prior to the November 13, 2007 notice and that the coverage had thus been continued by payment.

Defendant, at least partially, relies upon alleged oral notices by the agent. The policy provides that cancellation notices must be in writing.[3]

The motion as to the contract claim will be denied.

To the extent that there is a separate tort claim of bad faith refusal to pay, the court concludes that the issue of cancellation is fairly debatable. The motion will be granted as to any bad faith claim.

**DONE** and **ORDERED** this the 1st day of May, 2009.

_____
ROBERT B. PROPST
SENIOR UNITED STATES DISTRICT JUDGE

---

[3] Defendant has argued, "The law in Alabama is clear that 'the right of the insurer to cancel an insurance policy is strictly construed and the condition imposed upon it with respect to giving notice of cancellation must be strictly performed.' *Green v. Standard Fire Ins. Co.*, 398 So. 2d 671 (Ala. 1981)."

3